**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KEVIN MICHAEL PIERCE,                  :        Civil No. 3:25-cv-525
                                       :
            Plaintiff                  :        (Judge Mariani)
                                       :
      v.                               :
                                       :
GOVERNMENT OFFICIALS, *et al.*,        :
                                       :
            Defendants                 :

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983,
filed by Kevin Pierce ("Pierce"), a former inmate housed at the State Correctional Institution,
Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy"). (Doc. 1). Named as Defendants
are the following: Government Officials—Pennsylvania State and Local Officials,
Department of Corrections Institutions, and the Geisinger Medical Center. (*Id.*). Pierce
seeks to proceed *in forma pauperis*. (Doc. 15).

The complaint is presently before the Court for preliminary screening pursuant to 28
U.S.C. § 1915A(a). For the following reasons, the Court will dismiss Pierce's complaint
pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2), and
grant him leave to file an amended complaint.

**I.      Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,
1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process.  *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The

plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop.

Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words,

"factual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.

Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to

determine the sufficiency of a complaint: First, the court must take note of the elements a

plaintiff must plead to state a claim.  Second, the court should identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth.

Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

Because Pierce proceeds *pro se*, his pleading is liberally construed and her

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

omitted).

## II.  Discussion

Pierce seeks to assert federal constitutional claims under 42 U.S.C. § 1983. (Doc.

1). He alleges injuries related to medical treatment he received while housed at SCI-

4

Mahanoy. (*Id.* at 4). Pierce alleges that he suffered "an injury to his stomach" and was

transported to an outside hospital to undergo a "scope procedure." (*Id.*). During the

procedure, Pierce alleges that "something" was placed in his stomach without his consent.

(*Id.*). He seeks monetary damages and requests that the Court "intervene and prevent the

issue from getting worse." (*Id.*).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides,

in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A.    Claims Against Department of Corrections Institutions

It is well-settled that a prison or correctional facility is not a "person" within the

meaning of § 1983 and that a department within a prison "may not be sued under 42 U.S.C.

§ 1983 since it is not a person." *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Thus, the Department of Corrections Institutions are not proper parties under § 1983 and are entitled to dismissal.

### B.   Claims Against Government Officials—Pennsylvania State and Local Officials

Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89 (1984); *Christy v. Pa. Turnpike Comm'n*, 54 F.3d 1140 (3d Cir. 1995), *cert. denied*, 516 U.S. 932 (1995). The Eleventh Amendment bars claims for monetary damages sought against a state official acting in his or her official capacity absent a valid abrogation by Congress or consent of the State. *See Kentucky v. Graham*, 473 U.S. 159,169 (1985) (holding that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court"). Congress did not validly abrogate or purport to abrogate the States' sovereign immunity against damages claims under section 1983, and the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity. *See Hater v. Melo*, 502 U.S. 21,25-27 (1991) (suits against state officials acting in their official capacities are suits against the employing government agency, and as such, are barred by the Eleventh Amendment); 42 Pa.C.S.A. § 8521-22. Thus, Pierce cannot recover monetary damages against the Government Officials, Pennsylvania State and Local Officials, in their official capacities, as these claims are barred by the Eleventh Amendment.

C.    **Claims Against Geisinger Medical Center**

The Geisinger Medical Center appears to be the only proper party in this action. In any event, Pierce's complaint fails to allege that he was deprived of a federal constitutional or statutory right by an individual acting under color of state law. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

It is well-settled that private actors may be regarded as acting under color of state law pursuant to § 1983. *See, e.g.*, *Donnell v. Corr. Health Servs., Inc.*, 405 F. App'x 617, 622 n. 5 (3d Cir. 2010).

While there is no simple line between state and private actors, the Third Circuit, in considering Supreme Court precedent, has articulated "three broad tests" to determine if a private defendant is a state actor: (1) whether the defendant exercised powers that are "traditionally the exclusive prerogative of the state;" (2) whether the defendant acted "with the help of or in concert with state officials;" or (3) whether the "state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity[.]" *Kach*, 589 F.3d at 646 (citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). The principal issue is "'whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). The inquiry is "fact-specific," *id.*, as Supreme Court precedent makes clear that "the facts are crucial." *Crissman v. Dover Downs Entm't Inc.*,

289 F.3d 231, 233-34 (3d Cir. 2002) (*en banc*). The approach used to conduct this inquiry

should "be tailored to the facts of the case before it." *Groman v. Twp. of Manalapan*, 47

F.3d 628, 639 n. 17 (3d Cir.1995) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939

(1982)).

Pierce fails to plead sufficient facts, or any facts at all, that Geisinger acted under

color of state law. (*See* Doc. 1). It is plausible that Pierce can allege that Geisinger was a

state actor for purposes of § 1983. He will be granted leave to amend this claim.

### D.    Claims for Declaratory and Injunctive Relief

The case or controversy requirement of Article III, § 2 of the United States

Constitution subsists through all stages of federal judicial proceedings. Parties must

continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental

Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

The mootness doctrine recognizes that "[i]f developments occur during the course of

adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a

court from being able to grant the requested relief, the case must be dismissed as moot."

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). An inmate's

transfer from the facility complained of generally moots the equitable and declaratory

claims. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *see Griffin v. Beard*, 401

F. App'x 715 (3d Cir. 2010) (transfer from SCI-Huntingdon renders inmate injunctive relief

claim moot).

Pierce is no longer housed at SCI-Mahanoy.  Thus, to the extent that he seeks declaratory and injunctive relief in relation that prison (*see* Doc. 1, at 4), those claims are now moot.

## III.    **Conclusion**

Consistent with the foregoing, the Court will grant Pierce leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2).  The Court will allow Pierce to file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: March _____, 2025