IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN MICHAEL PIERCE,              :         Civil No. 3:25-cv-525
                                   :
            Plaintiff              :         (Judge Mariani)
                                   :
      v.                           :
                                   :
GOVERNMENT OFFICIALS, *et al.*,    :
                                   :
            Defendants             :

## MEMORANDUM

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983,

filed by Kevin Pierce ("Pierce"), a former inmate housed at the State Correctional Institution,

Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy"). (Doc. 1). The Court previously

granted Pierce leave to proceed *in forma pauperis*, performed its statutorily mandated

screening of the original complaint, and dismissed the original complaint with leave to

amend. (Docs. 17, 18). Pierce then filed a proposed amended complaint. (Doc. 24). The

amended complaint is presently before the Court for preliminary screening pursuant to 28

U.S.C. § 1915A(a). For the following reasons, the Court will dismiss Pierce's amended

complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. §§ 1915A(b)(1),

(b)(2).

## I.    Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

Because Pierce proceeds *pro se*, his pleading is liberally construed and her

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

omitted).

## II.    Discussion

Similar to the original complaint, the amended complaint names the following

Defendants: Government Officials, Pennsylvania State and Local Officials—Chester

4

County, Department of Corrections Institutions, and the Geisinger Medical Center. (Doc. 24). Pierce appears to be asserting federal constitutional claims under 42 U.S.C. § 1983. (*Id.*). He asserts that his claims arose in 2006 when he was serving his juvenile sentence. (*Id.* at 4). Pierce alleges that he "has been deprived of constitutional rights and imprisoned in the state of Pennsylvania for close to 13 years starting as a juvenile." (*Id.* at 4, 10). Pierce is no longer incarcerated, and he states that his sentence is maxed out. (*Id.* at 10).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Claims Against Department of Corrections Institutions

As stated in the Court's previous Memorandum (Doc. 17), it is well-settled that a

prison or correctional facility is not a "person" within the meaning of § 1983 and that a

department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a

person." *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).  Thus, the Department of

Corrections Institutions are not proper parties under § 1983 and will be dismissed.

### B.    Claims Against Government Officials—Pennsylvania State and Local Officials

The Court has previously determined that federal courts cannot consider suits by

private parties against states and their agencies unless the state has consented to the filing

of such a suit.  (Doc. 17, citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89

(1984); *Christy v. Pa. Turnpike Comm'n*, 54 F.3d 1140 (3d Cir. 1995), *cert. denied*, 516 U.S.

932 (1995)).  The Eleventh Amendment bars claims for monetary damages sought against

a state official acting in his or her official capacity absent a valid abrogation by Congress or

consent of the State.  *See Kentucky v. Graham*, 473 U.S. 159,169 (1985) (holding that

"absent waiver by the State or valid congressional override, the Eleventh Amendment bars

a damages action against a State in federal court").  Congress did not validly abrogate or

purport to abrogate the States' sovereign immunity against damages claims under section

1983, and the Commonwealth of Pennsylvania has not waived its Eleventh Amendment

immunity.  *See Hater v. Melo*, 502 U.S. 21,25-27 (1991) (suits against state officials acting

in their official capacities are suits against the employing government agency, and as such,

6

are barred by the Eleventh Amendment); 42 Pa.C.S.A. § 8521-22. Pierce cannot recover

monetary damages against the Government Officials, Pennsylvania State and Local

Officials, in their official capacities, as these claims are barred by the Eleventh Amendment.

### C.     Claims Against Geisinger Medical Center

In his proposed amended complaint, Pierce has again named the Geisinger Medical

Center as a Defendant. (Doc. 24). In the prior Memorandum (Doc. 17), the Court found

that, although the Geisinger Medical Center may be a proper party in this action, Pierce

failed to allege that he was deprived of a federal constitutional or statutory right by an

individual acting under color of state law. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir.

2009). Once again, Pierce has wholly failed to allege any facts against the Geisinger

Medical Center. (Doc. 24).

Private actors may be regarded as acting under color of state law pursuant to §

1983. *See, e.g., Donnell v. Corr. Health Servs., Inc.*, 405 F. App'x 617, 622 n. 5 (3d Cir.

2010). While there is no simple line between state and private actors, the Third Circuit, in

considering Supreme Court precedent, has articulated "three broad tests" to determine if a

private defendant is a state actor: (1) whether the defendant exercised powers that are

"traditionally the exclusive prerogative of the state;" (2) whether the defendant acted "with

the help of or in concert with state officials;" or (3) whether the "state has so far insinuated

itself into a position of interdependence with the acting party that it must be recognized as a

joint participant in the challenged activity[.]" *Kach*, 589 F.3d at 646 (citing *Mark v. Borough*

of *Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).  The principal issue is "'whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"  *Id.* (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)).  The inquiry is "fact-specific," *id.*, as Supreme Court precedent makes clear that "the facts are crucial."  *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 233-34 (3d Cir. 2002) (*en banc*).  The approach used to conduct this inquiry should "be tailored to the facts of the case before it."  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 639 n. 17 (3d Cir.1995) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

Pierce fails to plead any facts at all that Geisinger acted under color of state law. (*See* Doc. 24).  Additionally, the amended complaint does not set forth the time of the alleged violations to his rights and does provide any specific factual averments explaining how his constitutional rights were violated.  It also does not identify the particular conduct that harmed him.  This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief.  *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).  Pierce has failed to cure any claims against Geisinger, and the claims against this Defendant will be dismissed.

III.    **Leave to Amend**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). The Court finds that granting Pierce leave to file a second amended complaint would be futile. The Court has already granted Pierce leave to amend his original complaint, and he has failed to remedy the deficiencies of his claims. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (when prisoner plaintiff "has already had two chances to tell his story...giving him further leave to amend would be futile"). The Court will dismiss Pierce's pleading without further leave to amend.

IV.    **Conclusion**

The Court is confident that service of process is unwarranted in this case and the amended complaint (Doc. 24) will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April __2__, 2025

9